UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAM SICKLER,<br><br>    Plaintiff,<br><br>  -against-<br><br>REDLINE RECOVERY SERVICES, LLC,<br><br>    Defendant. | **VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiff, Pam Sickler ("Plaintiff"), by and through her attorneys, Krohn & Moss, Ltd., for her Verified Complaint against Defendant, Redline Recovery Services, LLC. ("Defendant"), alleges as follows:

Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

Parties

2. Plaintiff is a natural person residing in Friendsville, Susquehanna County, Pennsylvania.

3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a New York company having its principal place of business located in Amherst, Erie County, New York.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant conducts business and is principally located in the state of New York, personal jurisdiction is established

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

10. Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## Factual Allegations

11. Defendant constantly and continuously places collection calls to Plaintiff's home and cell phone numbers.

12. Defendant threatened Plaintiff with legal action and to date, no action has been taken.

13. Defendant threatened to garnish Plaintiff's wages and to date, no action has been taken.

14. Defendant contacted Plaintiff's mother-in-law and disclosed Plaintiff's debt.

15. Defendant told Plaintiff, "You don't understand, this debt has to be paid."

16. Defendant screamed at Plaintiff.

17. Defendant failed to send Plaintiff a debt validation letter.

## CLAIM FOR RELIEF

18. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated §1692b(1) of the FDCPA by contacting a third party and failing to state that the collector is confirming or correcting the Plaintiff's location information;

   b. Defendant violated §1692b(3) of the FDCPA by contacting a third party more then once;

   c. Defendant violated §1692c(a)(1) of the FDCPA by contacting Plaintiff at an unusual time, unusual place, or unusual time or place known to be inconvenient;

   d. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;

   e. Defendant violated §1692d(2) of the FDCPA by using profane or other abusive language;

   f. Defendant violated §1692d(5) of the FDCPA by causing the phone to ring or engage any person in telephone conversation repeatedly;

   g. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of an alleged debt;

   h. Defendant violated §1692e(4) of the FDCPA by stating that nonpayment of any debt will result in the arrest or imprisonment of any person, or seizure, garnishment, attachment.

    i. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

    j. Defendant violated §1692f of the FDCPA by engaging in unfair and unconscionable means to collect or attempt to collect an alleged debt; and

    k. Defendant violated §1692g(a)(1-5) by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19. Plaintiff is entitled to her attorney's fees and costs incurred in this action.

20. This case presents an actual and justifiable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

4

(1) Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;

(2) Actual damages

(3) Statutory damages pursuant to 15 U.S.C. § 1692k

(4) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(5) Awarding such other and further relief as may be just, proper and equitable.

Dated:      October 8, 2009

KROHN & MOSS, LTD.

By: _____
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-289-0898
ahill@consumerlawcenter.com
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Pam Sickler, hereby demands a jury trial in this matter.

## VERIFICATION

STATE OF NEW YORK   )
                   :ss.:
COUNTY OF *Susquehanna*

Plaintiff, PAM SICKLER, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, PAM SICKLER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 10/7/09

_____
PAM SICKLER